# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| United States of America, ) | |
| ) | Civil Action No.: 3:20-cv-01438-JMC |
| Plaintiff, ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| 2019 Dodge Challenger Coupe and ) | |
| Daquan Tyreek Funchess-Johnson[1], ) | |
| ) | |
| Defendants, ) | |
| ) | |
| Samuel L. Funchess, ) | |
| ) | |
| Claimant. ) | |
| _____ ) | |

This matter is before the court upon review of the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 51) filed on November 5, 2020, recommending that the court grant the Government's Motions to Strike (ECF Nos. 36, 46). For the reasons set forth below, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 51) and **GRANTS** the Government's Motions to Strike (ECF Nos. 36, 46).

## I.     RELEVANT BACKGROUND

The Report sets forth the relevant facts, which this court incorporates herein without a full recitation. As brief background, the Government filed this civil forfeiture action on April 15, 2020. (ECF No. 1.) Daquan Tyreek Funchess-Johnson ("Funchess-Johnson") filed a Claim and Answer for the subject property on May 15, 2020. (ECF No. 9.) He then filed a second Claim and Answer for the subject property on May 22, 2020. (ECF No. 14.)

---

[1] Funchess-Johnson appears to have incorrectly docketed his pleadings as an Answer and Counterclaim, rather than a Claim and Answer. (ECF Nos. 9, 14.) Consequently, the docket erroneously reflects that Funchess-Johnson is a "defendant," rather than a claimant.

1

The Government served Funchess-Johnson with special interrogatories on May 29, 2020. (ECF No. 31 at 1-2.) When Funchess-Johnson did not respond to the interrogatories, the Government filed a Motion to Strike Funchess-Johnson's Claim and Answer on July 21, 2020. (*Id.*) However, the Government extended Funchess-Johnson's deadline to respond to August 21, 2020 later that day and withdrew its motion to strike. (ECF No. 32.)

On August 26, 2020, the Government filed a second Motion to Strike Funchess-Johnson's Claim and Answer for failure to respond to the special interrogatories. (ECF No. 36.) In response, Funchess-Johnson filed a Motion for Extension of Time to respond to the special interrogatories on September 3, 2020. (ECF No. 38.) The court granted Funchess-Johnson's Motion for Extension of Time, providing a new deadline of October 6, 2020. (ECF No. 40.)

The Government subsequently filed a third Motion to Strike Funchess-Johnson's Claim and Answer, asserting that Funchess-Johnson had yet to respond to the special interrogatories. (ECF No. 46.)

The Magistrate Judge submitted a Report and Recommendation (ECF No. 51) to the court on November 5, 2020. The Report recommended that the court grant the Government's Motions to Strike (ECF Nos. 36, 46) because "Funchess-Johnson has not responded to the third motion to strike, sought another extension of time to respond to the special interrogatories, or filed a motion for a protective order." (ECF No. 51 at 2.)

## II.   STANDARD OF REVIEW

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court, which has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The responsibility to make a final determination remains with this court. *Id.*

at 271.  The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made.  *Diamond v. Colonial Life and Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

In the absence of objections to the Magistrate Judge's Report, this court is not required to provide an explanation for adopting its recommendation.  *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).  Rather "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond*, 416 F.3d at 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).  Furthermore, failure to file specific objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation.  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985).

### III.  ANALYSIS

The parties were advised of their right to file objections to the Report.  (ECF No. 51 at 4.) Objections to the Report were due by November 19, 2020.  (*Id.*)  Neither of the parties filed objections to the Report.  Since no specific objections were filed by either party and the Report does not contain clear error, the court adopts the Report herein.  *See Camby*, 718 F.2d at 199; *Diamond*, 416 F.3d at 315.

### IV.  CONCLUSION

After a thorough review of the Report and the record in this case, the court finds that the Report provides an accurate summary of the facts and law and does not contain clear error. Therefore, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 51) and **GRANTS** the Government's Motions to Strike (ECF Nos. 36, 46).

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

February 8, 2021
Columbia, South Carolina